UNITED STATES DISTRICT COURT MASSACHUSETTS

Dan Howitz,
                              Plaintiff,                                    1:24CV11993NMG

v

City Of Cambridge,
                              Defendant.

AMENDED MOTION FOR EQUITABLE TOLLING

On the following bases, I ask if the court would toll the statute of limitations, if it finds that it is necessary that I file a motion for equitable tolling. As I demonstrate below (in #8, etc), it may not be necessary.

1          I was advised by my attorney with the Committee For Public Counsel Services to wait until the Cambridge District Court (CDC) non-civil case was concluded to begin a civil case, due to the likelihood of being subjected to additional violations of 42 USC s12132, 42 USC s12203, 29 USC s794, MGL c272 s98, 18 USC s1512 (civilly argued as Civil Conspiracy witness tampering), defamation, and IIED, by defendant.

2          I was in fear that if I initiated a civil action against defendant prior to the 4/4/23 acquittal, I may have been subjected to additional violations of the aforementioned by defendant, regarding its aforementioned case, which was a case that was initiated by defendant on the basis of its aforementioned violations

3          I filed this case in this court on 7/26/24.

4          The dates of the initial acts of disability discrimination, and retaliation thereof, are 4/16/21, 4/27/21, and 10/26/21. The disability discriminatory and retaliatory CDC case was from 10/26/21 to 4/4/23 (acquittal on 4/4/23), and as such, the violations extended to 4/4/23.

5          I filed a MCAD civil case against Mui on 5/5/21 (Case 21BPA00752), which resulted in Barkhouse initiating a CDC case via his 4/27/21 application, which was issued by CDC on 10/26/21. My MCAD complaint was dismissed prior to investigation on 9/22/21, likely due to how the MCAD did not update my case to include that on the above 4/27/21, Barkhouse initiated his CDC case.

6          I postal mailed to this court on 5/8/21 my aforementioned (#3 above) complaint against defendant, concurrent with an fee waiver request affidavit (and both had my then-address, as did my envelope), and civil cover sheet, and I never received a response. I left several voicemails at the court's clerk's office about this, over several months, and my calls were not returned. (I have called the clerk's office about other issues since mid-2023, and left voicemails, and have never received return calls). I remained at the address that I list in those filings until 8/1/2022, namely 9 Brastow Avenue, Somerville MA 02143. Due to #1-2 above, from 10/26/21 (#4 above) onward I did not attempt to submit my filings again until 7/26/24, at which time I delivered in-person each of my filings to the clerk's office, and included my

1

now current address. I would have done this closer to the above 4/4/23 acquittal, but I was still (as I discuss above in #1-2) in dire fear of the above violations by defendant. By 7/26/24, I was more comfortable with proceeding to do so.

7        The following is about being "encouraged or cajoled into inaction".

Regarding the aforementioned 4/27/21 application, I immediately telephoned the police department and spoke with an assortment of supervising staff. One mocked me about my expressing complaints against officers to the MCAD, the Police Review & Advisory Board, the Professional Standards Unit (with director Brian Corr), and supervisors, and said, "If you discontinue all of you complaints, we might withdraw our complaint before it is issued". It was then issued on the aforementioned 10/26/21. I was advised that per the following two decisions, statute of limitations may be tolled if the potential defendant encourages or cajoles the potential plaintiff into inaction:

*Christo v. Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988)
"For example, if the potential defendant encourages or cajoles the potential plaintiff into inaction, that conduct may be a basis of extending the limitations period as matter of equity. Id. At 817-819."

*Cherella v. Phoenix Techs. Ltd., 32 Mass. App. Ct.* 920 (1992)
"That limitations period, however, is subject to equitable tolling. *Christo v. Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988). For example, if the potential defendant encourages or cajoles the potential plaintiff into inaction, that conduct may be a basis of extending the limitations period as matter of equity. Id. at 817-819."

I was subjected to this by the police department. Due to this, and concurrent with not receiving a response by this court's clerks office about my aforementioned 5/8/21 postal mailed filings to this court, and concurrent with an impending CDC magistrate hearing (which was held on the aforementioned 10/26/21), I gradually decided that I should not file my filings again in this court, because I hoped that if I did not, Barkhouse et al might withdraw their CDC complaint.

8        I as pro se was not aware of 42 USC s12132 and 42 USC s12203, nor that this court has jurisdiction over MGL c272 s98, until the general August 2023 date of my other case 1:23CV11793MJJ, and that judge's memorandum on order. I was also not aware of 18 USC s1512 (civilly argued as Civil Conspiracy witness tampering), and IIED, until that time period.

9        Disability impacts my ability to manage practical matters. If the court would like medical records about this, I could submit those.

Submitted by,

Dan Howitz, 4/27/26

2