**United States District Court**
**District of Massachusetts**

|   |   |   |
|---|---|---|
| Dan Howitz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 24-11993-NMG |
| City of Cambridge, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Dan Howitz, proceeding pro se, has filed a motion to seal previous filings (Docket No. 23) and a motion for a virtual hearing on his previously denied motion to seal (Docket No. 24). Those motions will be **DENIED**.

The public has a presumptive right of access to judicial records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1987). That right, of course, is not absolute. Compelling private interests can outweigh the usual presumption. Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998). The court "enjoys considerable leeway" in making such a determination. Id.

Here, plaintiff contends that his various federal cases have, inter alia, negatively impacted his housing and employment prospects. That is insufficient justification for sealing the case. Courts in this district have repeatedly found that

-1-

potential stigma from a public case does not defeat the presumptive public right of access. <u>See, e.g.,</u> <u>Chikel</u> v. <u>Steward Health Care Sys., LLC</u>, 2018 WL 11463444, at *2 (D. Mass. Nov. 7, 2018).

For the foregoing reasons, the motion to seal and motion for a hearing (Docket Nos. 23 and 24) are denied.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: July 15, 2026